UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

CATHERINE ROBERTS,

        Plaintiff,

v.

DELTA AIR LINES, INC.,

        Defendant.

Case No. 22-cv-
Hon.

_____/
ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Catherine Roberts, by and through her attorneys, Stempien Law, PLLC, hereby complains against Defendant Delta Air Lines, Inc., and in support thereof states:

1. Plaintiff Catherine Roberts ("Roberts" or "Plaintiff") is a resident of the Township of Canton, Wayne County, Michigan.

2. Defendant Delta Air Lines, Inc. ("Delta" or "Defendant") is a foreign corporation that conducts systematic and continuous business in Wayne County, Michigan.

3. Jurisdiction is vested with this Court pursuant to 28 USC §1331 and 42 USC §2000e, et. seq.

4. The events giving rise to this action occurred within the Eastern District of Michigan.

5. On or about May 27, 2021, Roberts filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about August 8, 2022, the EEOC issued a Dismissal and Notice of Rights letter to Roberts for her Charge of Discrimination.

## GENERAL ALLEGATIONS

7. Roberts' gender and sex is female.

8. Roberts began her employment with Northwest Air Lines in 1999.

9. Sometime subsequent to her employment, Northwest Air Lines was purchased by Defendant Delta, at which time, Roberts became an employee of Delta.

10. Roberts began her employment as a mechanic.

11. In or about 2016, Roberts was promoted to the position of Lead Technician.

12. As a Lead Technician, Roberts supervised technicians who provided maintenance and repairs on Delta's fleet of airplanes.

13. Roberts worked at the Detroit Metropolitan Wayne County Airport ("DTW").

14. In December 2020, Roberts was terminated from her position as Lead Technician.

15. During her tenure as a Lead Technician, Roberts was subjected to different terms and conditions of employment based on her sex, female.

16. By way of example, and not by limitation, Roberts terms and conditions of employment were substantially different from her male counterparts, including but not limited to:

    a. Roberts was subjected to employment discipline for several alleged work violations, including using curse words; Roberts' male counterparts used curse words on a regular basis, including directing the curse words at their subordinates, and suffered no punishment or discipline.

    b. Roberts was subjected to employment discipline for speaking up during a meeting and questioning the wisdom of a particular proposal; when her male counterparts spoke up during meetings, they would be lauded for taking initiative.

    c. Roberts' supervisor, the Duty Manager, would often ask Roberts to perform "secretarial" work, including typing and filing, but would never ask any of the male Lead Technicians to perform such work.

17. Most, if not all, of Roberts' employment discipline was issued by her supervisor, the Duty Manager.

18. Roberts' male supervisor, the Duty Manager, has a well-documented history of antagonism towards females.

19. The Duty Manager posted multiple sexist and misogynistic comments on social media.

20. The employment disciplinary actions taken against Roberts prior to her discharge were all because of her sex, female; the male Lead Technicians had engaged in the same or worse behavior and were not disciplined.

21. In December 2020, Roberts allegedly forgot to assign a crew to perform maintenance on a particular airplane.

22. Defendant discharged Roberts in response to this incident; however, the discharge was based upon the fact that Roberts had multiple prior disciplinary actions, which as noted above, were issued because of her sex.

23. Male Lead Technicians had incidents where they forgot to assign a crew to an airplane and were not discharged.

24. Roberts appealed the discharge using Delta's internal appeals process, Conflict Resolution Process ("CRP").

25. The CRP Board recommended that Roberts not be terminated from her employment.

26. Delta overrode that recommendation and discharged Roberts.

27. The Delta DTW workplace has a general and pervasive hostility towards the advancement of females in the workplace.

28. In _____, two female technicians were working with Roberts at DTW.

29. Those two female technicians were high performers, which Roberts recognized.

30. She encouraged them to seek advancement at Delta's DTW location.

31. Both female technicians sought promotions throughout their five years of employment at Delta's DTW location but were denied.

32. Both female technicians transferred to Delta's Atlanta airport location; within one year of their transfer they were both promoted; one of the females is currently a Lead Technician and the other is currently a Supervisor.

### COUNT I
### VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT
### SEX DISCRIMINATION

33. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

34. Title VII of the Civil Rights Act of 1964 ("Title VII"), specifically 42 USC §2000e-2, provides that "it shall be an unlawful employment practice for an employer … to … discharge any individual, or otherwise discriminate against

any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's … sex …"

35. Plaintiff was an employee of Defendant Delta.

36. Defendant was Plaintiff's employer as that term is defined by Title VII.

37. Plaintiff is a member of a protected class because of her sex.

38. Plaintiff was qualified for the position of Lead Technician.

39. Plaintiff suffered adverse employment actions, including but not limited to, reprimands, discipline, write-ups, coaching and discharge.

40. The Defendant's stated reasons for the adverse employment actions were false.

41. The Defendant's stated reasons for the adverse employment actions were pretext for sex discrimination.

42. Other male Lead Technicians, who were similarly situated to Plaintiff, engaged in the same or similar conduct, and were not subjected to the same adverse employment actions as Plaintiff.

43. Plaintiff was discharged because of her sex.

44. As a direct and proximate result of Defendant's violations of Title VII of the Civil Rights Act, Plaintiff has suffered damages, including, but not limited to: lost past and future wages, lost past and future employment benefits, loss of earning capacity and emotional distress.

WHEREFORE, Plaintiff Catherine Roberts prays that this Honorable Court enter a judgment in her favor against Defendant Delta Air Lines, Inc. in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

## **JURY DEMAND**

Plaintiff Catherine Roberts hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: November 4, 2022